COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-287-CR

 

 

MANUEL RIVAS SIMENTAL                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant Manuel Rivas Simental
entered an open plea of guilty to driving while intoxicated-felony
repetition.  The trial court sentenced him
to two years= confinement.








Simental=s court-appointed appellate counsel
has filed a motion to withdraw as counsel and a brief in support of that
motion.  Counsel=s brief and motion meet the
requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Simental was given the opportunity to file a pro se brief, but he did
not do so.

As the reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.CFort Worth 1995, no pet.).  Only then may we grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because Simental entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Simental=s plea, error that is not independent
of and supports the judgment of guilt, and error occurring after entry of the
guilty plea.  See Monreal v. State,
99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656,
666B67 (Tex. Crim. App. 2000).

We have carefully reviewed the record
and counsel=s brief.  We agree with counsel that this appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex. Crim. App. 2005); accord
Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  We therefore grant counsel=s motion to withdraw and affirm the
trial court=s judgment.








SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: March 4, 2010











[1]See Tex. R.
App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).